**Andre HOSKINS, Plaintiff-Appellant,**

v.

**UNITED STATES GOVERNMENT; et al., Defendants-Appellees.**

**No. 16-35880**

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 17, 2017

Andre Hoskins, Pro Se

Teal Luthy Miller, DOJ-Office of the U.S. Attorney, Seattle, WA, for Defendant-Appellee United States Government

Jeremy R. Larson, Esquire, Attorney, Dorsey & Whitney LLP, Seattle, WA, Adrienne Grace McKelvey, Attorney, Foster Pepper PLLC, Seattle, WA, for Defendant-Appellee Pacific Place

Jeremy R. Larson, Esquire, Attorney, Dorsey & Whitney LLP, Seattle, WA, for Defendant-Appellee Madison Marquette

Peter J. Korneffel, Jr., Esquire, Attorney, Bryan Cave LLP, Denver, CO, Alan S. Middleton, Attorney, Davis Wright Tremaine LLP, Seattle, WA, for Defendants-Appellees Qwest Communications International Inc., CenturyLink Inc

John M. Silk, Esquire, Attorney, Morgan E. Smith, Attorney, Wilson Smith Cochran Dickerson, Seattle, WA, for Defendants-Appellees Safeco Insurance Company, Liberty Mutual Insurance Co.

Jessica Nadelman, Attorney, Seattle City Attorney's Office, Seattle, WA, for Defendant-Appellee City of Seattle

Christopher Holm Howard, Esquire, Attorney, Averil Rothrock, Schwabe Williamson & Wyatt, Seattle, WA, for Defendant-Appellee Port of Seattle

Before: SCHROEDER, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Andre Hoskins appeals pro se from the district court's order dismissing his action alleging various federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Hoskins' request for oral argument, set forth in his opening brief, is denied.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court properly dismissed Hoskins' action as time-barred, because Hoskins filed this action years after the applicable statute of limitations had run. *See* 17 U.S.C. § 507(b) (three year statute of limitations for copyright infringement claims); *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (four year statute of limitations for civil Racketeer Influence and Corrupt Organization claims); *see also* Wash. Rev. Code § 4.16.080(2) (three year statute of limitations for personal injury claims); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.3 (9th Cir. 2002) (for claims under the Americans with Disabilities Act, courts apply the statute of limitations for the most analogous state law); *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (§ 1983 and § 1985 claims are governed by forum state's statute of limitations for personal injury actions).

The district court did not abuse its discretion by denying Hoskins' motion to compel interrogatories. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion to deny discovery).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**